IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| v. | : | |
| | : | |
| RISK & INSURANCE CONSULTANTS, | : | |
| INC. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR LABOR STANDARDS ACT

COMES NOW PLAINTIFF CYNTHIA WILLIAMS and files this civil action against Defendant RISK & INSURANCE CONSULTANTS, INC. for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

### 1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendant resides herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

**PARTIES**

3.

Plaintiff CYNTHIA WILLIAMS ("Ms. Williams") is an individual who was formerly employed by Defendant as an Account Manager.  At all material times, Ms. Williams was an "employee" of Defendant as that term is defined at 29 U.S.C. §203(e)(1). During her employment, Defendant failed to pay Ms. Williams a premium of at least one-and-one half times her regular rate of pay for each hour she worked above 40 in a given workweek.

4.

Defendant RISK & INSURANCE CONSULTANTS, INC. ("R&IC") is subject to the jurisdiction of this Court.  At all relevant times, R&IC was Ms. Williams's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant may be served with civil process upon its Registered Agent, Jill Kitchen, 290 Interstate North Circle, S.E., Suite 200, Atlanta, Cobb County, Georgia 30339, or wherever she may be found.

5.

At all material times during her employment, Ms. Williams was engaged in commerce as R&IC's employee in that she handled information and printed materials which were used and transported in interstate commerce.

6.

At all material times during Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, having handled information and materials that were used and transported in interstate commerce.

7.

At all material times since 2018, R&IC had two more employees engaged in commerce.

8.

Since 2018, R&IC had two or more employees handling, selling or otherwise working on information and printed supplies or related materials that have been moved and produced for commerce by any person.

9.

During each year since 2018, R&IC has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

10.

At all times material hereto, Ms. Williams was not exempt from the FLSA's overtime pay requirement.

## FACTS

11.

Ms. Williams began her employment with R&IC on or about September 4, 2013.

12.

Within the last three (3) years, Ms. Williams was formerly employed by R&IC as an Account Manager in its Life and Health Benefits department.

13.

As an Account Manager, Ms. Williams reported to and was supervised by R&IC's Team Lead, Christine Head.

14.

At all relevant times, R&IC required Ms. Williams to clock-in and clock-out daily for lunch breaks and when arriving and leaving Defendant's place of business.

15.

As an Account Manager, Ms. Williams did not perform and supervisory duties and did not supervise any R&IC employee.

16.

As an Account Manager, Ms. Williams did not hire, fire or discipline an any R&IC employee, nor did she have the authority to do so.

17.

As an Account Manager, Ms. Williams's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance free from immediate direction or supervision.

18.

As an Account Manager, Ms. Williams did not have authority to formulate, affect, interpret, or implement management policies or operating practices.

19.

As an Account Manager, Ms. Williams did not perform work that affected R&IC's business operations to a substantial degree, she did not have the authority to commit R&IC in matters that have significant financial impact and did not have authority to waive or deviate from R&IC's established policies and procedures without prior approval.

20.

During her tenure as Account Manager, R&IC paid Ms. Williams a semi-monthly salary of $2,291.66, plus quarterly commissions.

21.

Upon information and belief, R&IC's workweek for payroll purposes ran from Wednesday to the following Tuesday.

22.

As an employee of R&IC, Ms. Williams frequently worked in excess of 40 hours per workweek, and R&IC paid Ms. Williams semi-monthly (twice monthly) or her services.

23.

On September 20, 2021, R&IC terminated Ms. Williams's employment.

24.

R&IC never paid Ms. Williams one and one-half times her regular rate of pay for each hour worked over 40 hours during any given workweek.

25.

R&IC failed to properly compensate Ms. Williams for all overtime hours worked at a rate of one and one-half times her regular rate of pay.

## COUNT I

## <u>VIOLATION OF SECTION 207 OF THE FLSA<br>(UNPAID OVERTIME WAGES)</u>

26.

Plaintiff restates the allegations contained in Paragraphs 1-25 of her Complaint as is fully set forth.

27.

At all material times, Ms. Williams was a non-exempt employee of R&IC.

28.

Ms. Williams worked more than 40 hours in many workweeks for R&IC, but R&IC failed to properly compensate her at a rate of at least one and one-half times her regular rate of pay for each hour worked in excess of 40 hours in every workweek.

29.

R&IC knew or should have known that the FLSA applied to Ms. Williams, and it had a duty to ensure it paid Ms. Williams at least one and one-half times her regular rate of pay for each hour she worked over 40 in a given workweek.

30.

R&IC willfully failed to properly compensate Ms. Williams for the hours she worked in excess of 40 hours each workweek.

31.

As a result of R&IC's willful failure, Ms. Williams is entitled to an award of back pay in the amount of one and one half times her regular rate of pay for each uncompensated hour she worked over 40 in any given workweek for which R&IC did not compensate her at the statutory rate.

32.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests:

(a)     that her Complaint be read and considered;

(b)     that service of process issue against Defendant R&IC as authorized by law;

(c)     that the Court declare that R&IC has violated Plaintiff's rights under the overtime wage provision of the FLSA;

(d)     that the Court award Plaintiff the value of her unpaid overtime wages;

(e)     that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f)     that the Court award Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees as authorized by the FLSA; and

(g)     that the Court award such other further relief this Court deems just,

equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
Attorney for Plaintiff

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com